# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| WALTER PRENTISS DRAKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 15-2583-STA-tmp |
| | ) | |
| D.R. STEPHENS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING PETITION UNDER § 2241
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Before the Court is a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (" § 2241 Petition") filed by Walter Prentiss Drake, Bureau of Prisons registration number 17593–075, an inmate currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. (§ 2241 Pet., *Drake v. Stephens,* No. 2:15–cv–02583–STA–tmp (W.D.Tenn.), ECF No. 1.)  For the reasons stated below, the § 2241 Petition is **DENIED**.

## BACKGROUND

According to the Petition, Drake was convicted of one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for the Middle District of Tennessee.  The United States Court of Appeals for the Sixth Circuit set forth the full factual background of the case against Drake in a 2008 opinion affirming the judgment of the District Court and Drake's sentence of 252 months imprisonment.  *See United State v. Drake*, 280 F. App'x 450 (6th Cir. 2008).  On April 30, 2010, the Middle District denied Drake's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence, rejecting

1

Drake's claim of ineffective assistance of counsel. *See Drake v. United States*, no. 3:09-0929, 2010 WL 1753928, at *1 (M.D.Tenn. Apr. 30, 2010).

Drake filed his first § 2241 petition with this Court on March 19, 2013, civil case number 13-cv-02175-STA-tmp. (First § 2241 Pet., *Drake v. Stephens,* No. 13-2175-STA-tmp (W.D.Tenn.), ECF No. 1.) In his first § 2241 petition, Drake asserted that his prior offenses no longer qualified as violent felony offenses after the United States Supreme Court's decisions in *Begay* and *Deschamps*. On December 27, 2013, the Court denied the Petition because Drake had improperly brought his claims under § 2241 instead of § 2255. Drake filed this his second § 2241 Petition before this Court on September 3, 2015. (§ 2241 Pet., *Drake v. Stephens,* No. 15-2583-STA-tmp (W.D.Tenn.), ECF No. 1.) In this petition, Drake contends that the district court violated his right to due process when it relied on non-qualifying offenses to enhance his sentence under the Armed Career Criminal Act ("ACCA") in light of *Johnson v. United States,* 135 S.Ct. 2551 (2015). (§ 2241 Pet., *id.,* ECF No. 1.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one-year of the time conviction is final. This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. In order to file a second or successive § 2255 motion, a prisoner must obtain authorization from the Sixth Circuit Court of Appeals as required by 28 U.S.C. §§ 2244(b)(3) and 2255(h). These reforms were intended to protect the finality attached to federal criminal judgments. As previously noted, Drake already requested and was denied relief in his collateral attack on his sentence under § 2255. Drake has not shown that he has

pursued proper authorization from the Court of Appeals to file a second or successive petition under § 2255.

In an apparent effort to evade and circumvent the gatekeeping provisions in 28 U.S.C. §§ 2244(b)(3) and 2255(h), Drake characterizes his Petition as a request for habeas relief under § 2241. The only reason for this characterization, however, is the need to avoid the limitations imposed by AEDPA. Drake seeks to attack the validity of his original sentence, not the manner in which the Bureau of Prisons has executed the sentence. Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition."[1] On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence."[2] *Wright* and *Jalili* indicate that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks presume, as a matter of course, the validity of the original underlying conviction and sentence.

Drake's Petition is in reality a motion under § 2255. Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255.[3] Even then habeas corpus would be available if it "appears that the remedy by motion is

---

[1] *Wright v. United States Bd. of Parole,* 557 F.2d 74, 78 (6th Cir. 1977).

[2] *Id.* at 77; *cf. United States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991) ("Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply.").

[3] *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999); *In re Hanserd*, 123 F.3d 922, 933 (6th Cir. 1997).

inadequate or ineffective to test the legality of his detention."[4]  The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[5]

This "savings clause" operates in the narrowest category of cases as an additional exception to the successive motion limits of AEDPA.  The petitioner bears the burden of demonstrating that the savings clause applies.[6]

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate."[7]  And after the decision in *Charles,* the Sixth Circuit reemphasized the narrow scope of the savings clause: "The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles,*'[t]he remedy afforded under § 2241 is not an additional, alternative or

---

[4] 28 U.S.C. § 2255.
[5] 28 U.S.C. § 2255(e).

[6] *Charles*, 180 F.3d at 756.

[7] *Id.*; *see also Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits.").

supplemental remedy to that prescribed under § 2255.'"[8] "The only claim that [the Sixth Circuit] has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case . . . ."[9] "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim."[10] Additionally, a petitioner must show that he is actually innocent of the underlying offenses, not merely that he is innocent of his sentence.[11]

Drake is not entitled to relief under § 2241 petition for two simple reasons. First, the *Johnson* claim asserted in his Petition challenges the imposition of his sentence, and not the execution of his sentence. As a result, Drake's claim is inappropriate for a § 2241 petition and is otherwise a § 2255 motion in disguise. Dismissal of the Petition is required for this reason alone. Second, Drake has not shown an entitlement to relief under the savings clause and § 2241

---

[8] *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001) (citations omitted) (quoting Charles, 180 F.3d at 758)).

[9] *Townsend v. Davis,* 83 F. App'x 728, 729 (6th Cir. 2003); *see Reminsky v. United States,* 523 F. App'x 327, 328 (6th Cir. 2013) (per curiam) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255."); *see also Peterman,* 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."); *Charles,* 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions.").

[10] *Gesuale v. Sanders,* 63 F. App'x 875, 876 (6th Cir. 2003); *see also Bousley v. United States,* 523 U.S. 614, 623 (1998).

[11] *See Reminsky,* 523 F. App'x at 329 ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland,* 473 F. App'x 501, 502 (6th Cir. 2012) (per curiam) (holding that the savings clause of § 2255 does not apply to a petitioner claiming "actual innocence of the career offender enhancement").

because he has failed to raise a valid argument for his actual innocence of the offense for which he is currently incarcerated. Drake merely claims that *Johnson* changed the scope of the Armed Career Criminal Act and that the district court improperly sentenced him in light of *Johnson*. The Sixth Circuit has consistently held that the savings clause of § 2255 does not apply to sentencing claims of this kind.[12] Therefore, § 2241 is not the proper vehicle for obtaining the relief Drake seeks.

Because Drake is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief.[13] The Court finds it unnecessary under the circumstance to order Respondent to file a response to the Petition. Drake's petition is **DENIED** and **DISMISSED**.

## APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).[14] A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner

---

[12] *See, e.g., Reminsky,* 523 F. App'x at 329.

[13] 28 U.S.C. § 2243.

[14] *Durham v. United States Parole Comm'n*, 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway,* 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[15] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[16] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.[17]

In this case, because Drake is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Drake files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 29, 2016.

---

[15] *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

[16] Fed. R. App. P. 24(a)(1).

[17] *See* Fed. R. App. P. 24(a)(4)-(5).